IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

Vs.            No. 07-40001-01-SAC

STEVEN L. BUSER,

      Defendant.

MEMORANDUM AND ORDER

  The case comes before the court on the defendant's unresolved objections to the presentence report ("PSR") as appearing in its addendum and in the defendant's filed objections (Dks. 88 and 90). Charged in a four-count indictment, the defendant pleaded guilty to count one--conspiracy to distribute in excess of fifty grams of methamphetamine--that carries a mandatory minimum sentence of ten years. The PSR recommends a base offense level of 30 (13.8 ounces or 391 grams of methamphetamine) (U.S.S.G. § 2D1.1(c)(5)) and a two-level enhancement for possession of a firearm during the offense (U.S.S.G. § 2D1.1(b)(1)). With a total offense level of 32 and a criminal history category of one, the

guideline range is 121 to 151 months. All of the defendant's unresolved objections attack the factual basis for the drug quantity determination.

"In a controlled substances case, a defendant is 'accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'" *United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005) (quoting U.S.S.G. § 1B1.3, comment. (n.2)); *see also United States v. Dazey*, 403 F.3d 1147, 1176 (10th Cir. 2005) ("A defendant convicted of conspiracy is accountable for reasonably foreseeable conduct in furtherance of the jointly undertaken criminal activity.")

"When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citation omitted), *cert. denied*, 525 U.S. 988 (1998). Evidence relied upon in proof of a sentencing fact "must possess a minimum indicia of reliability." *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998). "The Government has the burden of proving

2

the quantity of drugs by a preponderance of the evidence." *United States v. Gigley*, 213 F.3d 509, 518 (10th Cir. 2000).

The defendant summarily objects that the PSR's drug quantity finding of 391 grams of methamphetamine is erroneous and no more than 50 grams to 200 grams should be attributed to him. The defendant objects to the statement appearing in ¶ 18 of the PSR that he told agents he paid $650 an ounce for the methamphetamine purchased in Phoenix on behalf of Kevin Terrell. Finally, the defendant denies he ever possessed or was involved in the distribution of 13.8 ounces of methamphetamine.

Offering only his bare denials, the defendant objects to quantity findings fully supported by facts to which the defendant has already stipulated as part of the agreed factual basis to his plea. As appearing in the plea agreement, the defendant stipulated to the following facts. (Dk. 80, pp. 9-10). On September 6, 2007, officers executed a search warrant on Kevin Terrell's residence and seized 177 grams of methamphetamine (which was subsequently tested and yielded 53 grams of actual methamphetamine). After officers executed on October 12, 2005, a second warrant on his residence, Terrell told agents "that the defendant had supplied him with methamphetamine seized in the earlier search."

3

(Dk. 80, p. 9).  Terrell explained that the defendant and co-defendants, Mark Hight and Jason Cribbs, acquired a large quantity of methamphetamine in Phoenix, Arizona, in August of 2005.  In May of 2006, the defendant spoke with agents admitting that he, Hight and Cribbs had purchased methamphetamine in Arizona with money supplied by Terrell.  The defendant told officers that he and Hight returned to Topeka with approximately 10 to 16 ounces of methamphetamine part of which was delivered to Terrell.

      The PSR's quantity findings are plainly consistent with these stipulated facts.  The defendant's own statement to officers that he and Hight returned to Topeka with 10 to 16 ounces (283.5 grams to 453.6 grams) of methamphetamine is consistent with the PSR estimating and attributing 13.8 ounces to the defendant for a base offense level of 30.  *See* U.S.S.G. § 2D1.1(c)(5).  Moreover, the 177 grams of methamphetamine (53 grams of actual methamphetamine) found in Terrell's residence and identified by Terrell as provided by the defendant would justify a base offense level of 32.  *See* U.S.S.G. § 2D1.1(c)(4).  From the defendant's stipulation to the above facts, the court finds a preponderance of evidence in support of the PSR's drug quantity determination.  The court accordingly

overrules the defendant's objections.

IT IS THEREFORE ORDERED that the defendant's objections (Dks. 88 and 90)  to the PSR's drug quantity findings are overruled.

Dated this 9th day of September, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge